CECIL CONSTRUCTION COMPANY *v*. ROSE SHLUM
[No. 21, January Term, 1935.]

*Decided March 7th, 1935.*

The cause was argued before BOND, C. J., URNER, OF-FUTT, PARKE, SLOAN, SHEHAN, and JOHNSON, JJ.

*Walter C. Mylander,* with whom was *Nathan Patz* on the brief, for the appellant.

*Herbert L. Grymes,* for the appellee.

URNER, J., delivered the opinion of the Court.

By an acknowledged and recorded agreement, dated July 8th, 1927, between Kabe Shlum and the Cecil Construction Company, a body corporate, it was provided that the company would make no objection "to the conversion into a store" of the leasehold property, belonging to Shlum, designated as No. 1104 North Eutaw Street in the City of Baltimore, or its use as a store, provided that

such use should be limited to the purposes of a tailor shop in which Shlum should "conduct his business," and that he should not at any time within ten years sell or lease the property to any person or corporation other than the Cecil Construction Company unless and until it should fail to carry out its therein expressed agreement for the purchase of the property, and that, if at any time within ten years Shlum should vacate the property, he would sell to the company his leasehold interest in it for the sum of $4,000, free of all encumbrances except the annual ground rent of seventy-two dollars to which it was subject; and the company agreed to purchase the property for $4,000 within thirty days after being notified in writing by Shlum of his intention to vacate, the terms of such sale to be cash, with taxes, ground rent and other expenses adjusted to the date of its consummation. The agreement purported to be made in consideration of the mutual promises therein contained and to be for, and obligatory upon, the original parties and "their respective executors, administrators, successors and assigns," and to "run with and bind the land."

The bill of complaint exhibited the agreement just summarized, and alleged that the Cecil Construction Company, being the owner of a large apartment house and many other properties in the 1100 block on Eutaw Street, and being therefore interested in maintaining the good character and appearance of the neighborhood, purchased from Kabe Shlum the property known as 1106 on that street contemporaneously with the agreement relating to No. 1104, which was required by him as a condition to the sale of No. 1106 to the company; that Kabe Shlum, who occupied No. 1104 with his family, died intestate on September 2nd, 1927, leaving his widow, Sarah Shlum, and his daughter, the plaintiff, as his only heirs at law, to whom the leasehold interest in the property affected by the agreement was distributed in due course of administration; that the undivided interest of the widow, by suitable conveyance methods, was converted into an estate in her for life with remainder to her daughter; that

upon her father's death the plaintiff and her mother remained in possession of the property until the widow's death on April 18th, 1934, after which the plaintiff, feeling unable to care for the property any longer, notified in writing the Cecil Construction Company that she intended to vacate the premises and requested the company to comply with its purchase agreement within thirty days, but that the company refused compliance. It is the purpose of the suit to enforce the stipulated purchase upon the terms specified.

The appeal is from an order overruling a demurrer to the bill of complaint with leave to answer.

It is argued for the appellant that the bill is demurrable on the following grounds:

"1. That there was a breach of the condition as to use of the property by Kabe Shlum for his tailoring business, because his successor in the title could not be regarded as continuing his personal enterprise after his death, and that there was a further breach by the disposition of the widow's interest as mentioned in the bill.

"2. That the provision for a sale by Kabe Shlum to the Cecil Construction Company, if, at any time within ten years, he should vacate the premises, was personal to him and not referrable to the plaintiff as his successor in the title and occupancy.

"3. That the agreement to purchase was illusory and lacking in mutuality because it depended upon the exercise of the owner's volition as to vacating the property within ten years.

"4. That the specific performance sought by the bill is barred by laches."

In regard to the first ground of defense by demurrer, it is to be noted that the agreement did not require the owner to construct a store and use it for tailoring purposes, but provided that "any store" constructed on the property should be used only for a business of that nature. An omission, therefore, by Kabe Shlum, or by his widow and daughter, as continuing possessors of the property, to conduct such a business could not well be considered

a breach of that provision. Neither can a breach of the clause against a sale within ten years, except to the Cecil Construction Company, be attributed to the mere conversion of the widow's absolute one-third interest into an estate for life with remainder to her daughter, in whom the larger interest in the title was vested as her father's only other heir. The conveyance and immediate reconveyance, by which the mother's estate was thus reduced for her daughter's benefit, had no resemblance to a sale, nor did it have any effect upon the contractual right of the Cecil Construction Company to purchase the property if vacated within ten years.

In view of the purpose, stated in the agreement, that it and all covenants therein contained should apply to the parties and to "their respective executors, administrators, successors and assigns," we find the second ground of demurrer also untenable.

It does not seem to us that the agreement is illusory or lacking in mutuality. While the provisions obligating the owner to sell and the other party to buy the property had reference to the contingency of its being vacated within ten years, it is clear that the contractual rights and liabilities of the parties and their respective successors became absolute upon the occurrence of such an event during the stated period. In *Liggett Co. v. Rose,* 152 Md. 146, 152, 158, 136 A. 651, 656, it was said in the opinion "to be well established by the decisions of this court that an agreement upon condition, which might not be enforced at its inception, and for some time thereafter, because the performance of the condition had not been fulfilled by the obligor, may be specifically enforced by the obligor, if he has acted in good faith, and if at any time previous to the decree he is able to complete the performance of the condition." Under the agreement with which we are concerned in this case the Cecil Construction Company covenanted to buy, and the other party, for himself and his successors, to sell, the described property at a stipulated price, within a certain period, and under a specified condition which has actually

occurred. The consideration to the company for the agreement was the exclusive right to purchase the property within the time and in the event designated. The owner's general right of disposition was thus restricted in favor of the company in consideration of its covenant, in such event, to purchase the property upon the prescribed terms. It is not apparent how any valid defense could have been made by the plaintiff to a suit by the company to enforce its right of purchase, in view of her formally announced intention to vacate the property within the period to which the contract refers. The engagements of the parties to the agreement were definite, mutual, and supported by adequate considerations.

There is no valid basis for the defense of laches in this case, since the right to the enforcement of the defendant's contract of purchase is being asserted within the period of time upon which the parties specifically agreed.

*Order affirmed, with costs.*